UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSE CESPEDES

                Plaintiff,                                         **TRIAL BY JURY**
   -against-                                                      **DEMANDED**

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, SARGEANT SHARISS SANDERS,
POLICE OFFICERS JOHN VOLKAN OF THE                        Civil No. 14Civ6575
30TH SSA MANUEL FLEITES 896839 OF THE 30TH
POLICE PRECINCT, POLICE OFFICER EDUARDO
VITE SHIELD NUMBER 12914 OF THE 30TH PRECINCT, and       **SUMMONS**
OTHER OFFICERS WHOSEIDENTITIES ARE                        **& COMPLAINT**
UNKNOWN AT THIS TIME ALL MEMBERS OF THE NYPS

                Defendants
------------------------------------------------------------------------X

Plaintiff, JOSE CESPEDES, by and through his attorney, Andres M. Aranda., respectfully shows to this court and alleges the following:

## INTRODUCTION

1.     This is an action, commenced by the Plaintiff for money damages against Defendants for committing acts within the scope of their employment and under color of law and depriving Plaintiff of the rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiff alleges that Defendants, individually, jointly and through said officers deprived him of his right to be free from being falsely arrested, maliciously prosecuted, assaulted, battered, humiliated and caused to suffer physical pain and mental anguish.

        This action has been commenced within three years after Plaintiff's claim arose by reason of the false arrest, malicious prosecution, assault, battery, unusual and unnecessary excessive force being used to effect the illegal and false arrest of the Plaintiff with unnecessary and excessive forced being used to arrest him. This unnecessary force caused the Plaintiff to sustain serious physical and emotional injury which caused substantial pain, resulting in the Plaintiff having to seek medical attention. The Plaintiff was incarcerated, deprived of his liberty and freedom of movement and was caused to feel scared, apprehensive, humiliated, abused, rejected and abandoned by society. The police department of the City of NY and its police force, including each and every police officer herein involved, have created and cultivate a culture of violence

towards its minority civilian population resulting in beatings, shootings, strangulations and other acts of violence towards the citizens of the City of New York. The Plaintiff herein was the victim of one such beatings.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U. S. C. Sec. 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3.  Jurisdiction is founded upon 28 U.S.C. Sec. 1331, 1343 (1-4), and 2202.
4.  Venue is proper in this district pursuant to 28 U.S.C Sect. 139 (b).

## JURY DEMAND

5.  Plaintiff demands trial by jury in this action.

## PARTIES

6.  Plaintiffs, JOSE CESPEDES, is U. S. Legal Permanent Resident and a life-long resident of the United States of America and of New York City.

7.  Defendant, CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of POLICE OFFICER EDUARDO VITE, AND POLICE OFFICERS MANUEL FLEITES, JOHN VOLKAN OF THE 30th PRECINCT, SARGEANT SHARISS SANDERS, AND OTHER MEMBERS OF THE NEW YORK CITY POLICE FORCE THAT PATICIPATED IN THE PLAINTIFF'S ARREST, BEATING AND PROSECUTION and the John and Jane Doe police officers named as Defendants in this action and whose identities are still unknown. All of which led to the police arresting MR. CESPEDES FALSELY, USING EXCESSIVE FORCE TO EFFECTUATE SAID FALSE ARREST AND USING EXCESSIVE FORCE TO ARREST MR. JOSE CESPEDES. In addition, said Police Officers, and other members of the Police Force used profane, racist and otherwise disgusting language when addressing the Plaintiff. P. O. EDUARDO VITE failed to prepare a proper Memo Book entry in an apparent attempt to protect his fellow officers, as well as himself.

8.  Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9.  At all times relevant herein, Defendant Police Officers, were acting as agents, servants and employees of the Defendant CITY OF NEW YORK and in furtherance of and within the scope of THER employment members of the City's Police Force, and in

furtherance of the BUSINESS OF THE CITY, and acting under color law; to wit as NEW YORK CITY Police Officers and by virtue of the rules, regulations and statutes of the Defendant CITY OF NEW YORK. The Defendant City is responsible as respondent superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant. The police have created a culture of violence and brutality towards the civilian population it is sworn to protect. All with the knowledge and consent of the leaders, directors, and superiors within said Police Force.

## FACTUAL ALLEGATIONS

10.   On or about MAY 14, 2012 at approximately 19:30 hours, the Plaintiff was having a few drinks with friends. He asked his friend TONY for fifty dollars and his friend HECTOR starts heckling and insulting him. An argument ensues and the police arrived at the establishment. Mr. CESPEDES indicates that he did not start the argument and that there was a camera that should have recorded the fact that he was defending himself. The police respond by arresting him. Once under arrest, he was brutally and viciously assaulted by the arresting officers, to the point where he ended up in the hospital with several bruised/fractured ribs. He was arrested and spent over 24 hours incarcerated. He has a permanent scar on his wrist from the handcuffs. Eventually, on January 31, 2013, on motion of the New York County District Attorney, and some five months after the inception of the case, the matter was dismissed and sealed as there was no evidence of any criminality on the part of Mr. Cespedes.

11.   On the day of his arrest, the police approached the Plaintiff as he was peacefully and lawfully inside a bar/pool hall located at 3517 Broadway, New York, NY. The police failed to perform even the most basic of investigations prior to arresting the Plaintiff. However, we know that the police officers are under pressure to make arrests from their superiors to make arrests and fulfill arrest quotas, all without regard for the legality of the arrest, the safety of the innocent citizen being arrested or any regard for the civil rights of the poor unfortunate punching bags and dupes being taken into police custody. He was approached by the police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE to, use excessive force, assault and arrest him, even while he protested his innocence and repeatedly asked why he was being arrested, assaulted and abused by the very people sworn to protect him from harm. This use of excessive force was not only unnecessary, but it was wantonly and illegally done. Mr. Cespedes, as well as the others present, protested his innocence at the place of arrest, at the precinct and in the Courthouse and even in the jail house. His case was eventually dismissed after several court appearances and after he has spent time incarcerated.

12.   PLAINTIFF, after he was arrested and assaulted, was questioned by Police

Officers, members of the NYPD and servants, employees of the City of New York. He indicated to the officers the truth of what has happened and the Defendants failed to investigate, instead mocking him and proceeding to process him through the system. The officers NEVER ATTEMPTED TO VERIFY PLAINTIFF'S STORY WITH THE CAMERAS LOCATED AT THAT VERY SAME BAR/POOLHALL OR IN ANY OTHER CREDIBLE WAY, INCLUDING TALKING TO WITNESSED AT THE SCENE, or other merchants and neighbors. However, he was handcuffed, illegally searched, and battered all without any cause or justification, in violation of Plaintiff's civil rights. He was arrested WIHOUT ANY CRIMINALITY on his part and without even performing minimal investigation as to what, if anything, had transpired at the scene.

13.   Mr. CESPEDES was REALEASED AT ARRAIGNMENT and given a court date. He appeared in Court several times and the charges were dismissed by the Court on January 31, 2015 when the People moved to dismiss.
14.   Mr. CESPEDES was incarcerated for approximately 48 hours.

15.   Mr. CESPEDES WAS EVENTUALLY RELASED AND THE MATTER WAS DISMISSED AND SEALED BY THE COURT.

16.   The charges against Mr. CESPEDES were dismissed on January 31, 2012, as the Defendant therein, Plaintiff herein, was innocent. The police officers failed to produce any credible evidence, or to show any probable cause for his arrest on any charge, or to even show up in Court and the matter had to be dismissed. There was a security camera inside the location and Mr. Cespedes repeatedly asked the officers to look at the film thereof to thus be able to clearly see that Mr. Hector Olivares was the aggressor and had attacked him.
17.   This ordeal greatly traumatized Mr. JOSE CESPEDES and his family as a result of his unlawful incarceration, and the excessive force used to arrest him, including being violated and humiliated as a direct result of the unnecessary, inhuman treatment that Plaintiff received at the hands of the police officers, suffered the deprivation of freedom, HE WAS ASSAULTED DURING THE ARREST. The criminal charges against the DEFENDANT THEN, PLAINTIFF NOW, were terminated favorably.

## DAMAGES

18.   As a direct and proximate result of the said acts of the Defendants, Mr. JOSE CESPEDES, WHOWAS BORN ON AUGUST 27, 1959, suffered the following injuries and damages:
   a.   Violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b.   Loss of physical liberty due to incarceration;
   c.   Humiliation, embarrassment and injury to reputation;

    d. Attorney fees;
    e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification;
    f. Bruises about body and face due to the excessive force used to unlawfully arrest him;
    g. Mental pain and anguish due to his arrest, accusation, incarceration and the excessive and unnecessary force used to arrest his 56 year old male.
    h. Excessive force was unnecessarily used to arrest the Plaintiff CAUSING HIM TO SUSTAIN SEVERAL BRUISED AND FRACTURED RIBS.

## CAUSES OF ACTION

### COUNT 1

**42 U.S.C. SEC. 1981, 1983- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS:**
**FALSE ARREST**

19. Paragraphs 1-18 are incorporated by reference as though fully set forth.

20. Plaintiff, JOSE CESPEDES, did not commit ANY CRIMINAL ACT OR VIOLATIONS, either before or at the time he was unlawfully arrested, imprisoned, prosecuted, and deprived of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The Plaintiff claims that his arrest, incarceration, beating, search and arrest were unlawful because it was made without probable cause to believe that Mr. CESPEDES had committed any of the crimes for which he was allegedly arrested. The continues prosecution which forced Mr. CESPEDES to remain incarcerated for WELL OVER 36 HOURS, in fact he spent 48 hours behind bars waiting to be arraigned; was made with malice by the officers who wrongfully arrested, detained him, CAUSED HIM TO RETURN TO COURT AND PHYSICALLY ABUSED HIM USING EXCESSIVE FORCE TO ARREST HIM AND RIDICULE HIM IN THE PROCESS.

21. As a direct result of the illegal actions and conduct on the part of the Defendant, their agents, servants and employees, acting under color of law, Plaintiff was unlawfully arrested and imprisoned, until he was released.

22. That on or about MAY 14, 2012, at approximately 19:30 hours. That day, while the Plaintiffs was lawfully inside a bar/pool hall, the police arrested him without probable cause or justification to do so. THE POLICE ARRIVED AND WITHOUT CONDUCTING ANY INVESTIGATION, AND WITHOUT ANY PROBABLE CAUSE AND/OR JUSTIFICATION, STOPPED AND SEARCHED MR. CESPEDES

AND THEREAFTER, WIHOUT ANY JUSTIFICATION THE POLICE ARRESTED PLAINTIFF AND USED EXCESSIVE FORCETO ARREST HIM AND MALICIOUSLY AND NEGLIGENTLY PROSECUTED HIM. All of this took place in New York County and subsequent times thereafter, including but not limited to the 30th New York Police Precinct, the Defendants, their agents, servants and employees falsely accused and arrested the Plaintiff without any probable cause or any justification, right or grounds therefore. And unfairly, unjustly and mercilessly beat him up using excessive and unnecessary force and means to carry out his unlawful and illegal arrest.

23.     That the Plaintiff was wantonly deprived of his liberty and unnecessarily humiliated. That unnecessary and excessive force was used to arrest this 56 year old Hispanic male. He was injured during the arrest process without justification, or provocation.

24.     That the Defendant police officers were acting under color of law and authority; did not have any probable cause, permission or justification whatsoever, to arrest or injure the Plaintiff who was unmercifully beaten up and used as both a punching bag and a step stool by members of the NYPD. That the NYPD has created a culture of force, brutality and injustice towards the minority and civilian population, all with the knowledge and consent of its superior officers and that even though the City is aware of this, it has failed to stop it and has neglected to properly train, supervise or discipline its police officers.

25.     That at all times hereinafter mentioned, the Defendant police officers were employed in their respective capacities by the Defendant CITY and THE NEW YORK POLICE DEPARTMENT and were acting under the color of their official capacity and their acts were performed under the color of the policies, statues, ordinances, rules and regulations of the CITY and in furtherance of the official business of said City of New York. The City is responsible as respondent superior for the actions of its employee police officers and said Defendant City and its Police Department have failed to properly train its officers, including failing to train them so that they don't beat up, kick, punch, physically abuse, verbally abuse or mace helpless individuals, particularly when they don't resist, do not pose a threat to the officers' safety and after they have been handcuffed or make them put their pants down, bent over and spread the cheeks of their behinds. The city also failed to supervise its police department or its individual officers and that by reason of that failure, this sad and unnecessary beating and arrest occurred.

26.     That at all times hereinafter mentioned, the Defendants John and Jane Doe Police Officers, as well as the named Defendant officers, were acting under color of law and in their official capacity as New York City Police Officers and as agents of the City of New York.

27.     That during all times hereinafter mentioned, the Defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statues, ordinances, regulations, customs, and usages of the CITY and the Defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned to the injury of the Plaintiff, JOSE CESPEDES and deprived him of his rights, privileges, and immunities secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United Stated and the laws of the United States to wit: to be free from warrantless searches and arrest without probable cause. The Defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named Defendant Police Officers acted with malice and used unnecessary and excessive force to handcuff and restrain Mr. JOSE CESPEDES who was 56 years old at the time of this abusive arrest and who weighed approximately 130 lbs.

28.     That the Defendant City of New York failed to properly train supervise its police force allowing it to act in an unlawful, illegal and wanton manner arresting him abusing members of the public, including MR. CESPEDES, all without probable cause or justification. Recent case law as well as newspaper articles, news bulletins and general bad press received by the NYPD, including with regards to its stop and frisk policy, have put the City of NY and its Police Department on notice of the need for better training, supervision and selection of its officers, and said officers, on the date of the arrest, were working under pressure to make arrest and fulfill arrests quotas without any regards for the civil rights of the citizens of the City of New York, including Plaintiffs. The arresting OFFICERS ARE PRONE TO ARREST INNOCENT CIVILIANS, INCLUDING THE PLAINTIFF, WHO WAS NOT ENGAGED IN ANY CRIMINALITY WHATSOEVER AT THE TIME OF HIS UNLAWFUL ARREST.

29.     That said City was aware of the unlawful, illegal and wanton acts of its police force and of the pattern of illegal arrests being conducted by said police force, including but not limited to punching, kicking, illegally arresting, and otherwise abusing young/old male minorities, including the Plaintiff.

## FEDERAL CIVIL RIGHTS CLAIM

Plaintiff JOSE CESPEDES, repeats and re-alleges paragraphs 1 through 29.

30.     Defendant police officers' actions were part of a pattern, practice, policy and modus operandi of the Police Department of the City of New York and the Defendant

City of New York to ignore and violate the Constitutional rights of the people they come in contact with and whom they are supposed to serve.

31.     The acts of the NYPD, Detectives, UNDERCOVER OFFICERS and Police Officer Defendants herein and the various John and Jane Does were committed under their authority as members of the NYPD and as police officers vested under and by virtue of the laws of the State of New York, and were, therefor, committed under the color of statue and the laws of the State of New York.

32.     The Defendant City knew of the need for additional screening, training, supervision, disciplining  and holding accountable of police officers to ensure that: (a) they refrain from ignoring evidence that would indicate that an accused is innocent; (b) refrain from misrepresenting, withholding or falsifying evidence; (c) exercising care and thoroughness in the investigation and prosecution of a case involving the alleged possession of narcotics, particularly when none were found; (d) accurately identify and handle exculpatory material, such as the absence of narcotics or the presence of videos that would clearly exonerate the accused.

33.     Through intention and deliberate indifference, the Defendant City failed to adequately provide for screening, training, supervising, and disciplining of police officers with respects to the above mentioned issues. This type of intentional conduct and deliberate indifference is evidenced by news articles, demonstrations and decisions of the courts of the State of New York reporting that the NYPD and its employees are and have engaged in various acts of misconduct including but not limited to, "testifying", the falsification of evidence, the wrongful withholding of evidence of innocence, physically and emotionally abusing Defendants, Abner Louima and Amadou Diallo, for instance, giving false, incomplete and misleading testimony, and generally failing to act in a reasonable, professional and honest capacity including but not limited to the following decisions:

    Riddick v. City of New York, 772 NYS 2d, 4 a.D. 3d 242 (1st Dept. 2004)
    Bonefant v. Kelly, 759 NYS 2d 872, 306 A. D. 2d 108 (1st Dept. 2003)
    Wagnwe v. Kerik, 748 NYS 2d 860, 298 A. D. 2d 322 (1st Dept. 2002)
    Seligson v. Kerik. 744 NYS 2d 655, 295 A. D. 2d 262 (1st Dept. 2002)
    Foy v. Safir, 717 NYS 2d 126, 277 A. D. 2D 169 (1st Dept. 2000)
    Titone v. Safir, 717 NYS 2d 22, 277 A. D. 2d 161 (1st Dept. 2000)
    Castro v. Safir, 717 NYS 2d 44, 277 A. D. 2d 123 (1st Dept. 2000)
    Mieles v. Safir, 707 NYS2d 437, 272, A.D. 199 (1st Dept. 2000)
    Sanniti v. Safir, 689 NYS 2d 479, 261 A. D. 2d 507 (1st Dept. 1999)
    Brovakos v. Bratton, 678 NYS 2d 21, 254 A.D. 2d 32 (1st Dept. 1998)
    Ranalli v. Safir, 672 NYS 2d 872,250 A. D. 2d 507 (1st Dept. 1998)
    Vasquez v. Safir, 673 NYS 2d 12,250 A. D. 1d 448 (1st Dept. 1998
    People v. Kendrick, 162 Misc. 2d 75, (Crim. N.Y. City 1994)
    Hckey v. Ward 55 NYS 2d 763,161 A.D. 1d 495(1st Dept.)

34.     Upon information and belief, based on and supported by several newspaper articles, police officers have not been disciplined by the Defendant City or Defendant NYPD for their misconducts, despite repeated judicial findings that police officers have engages in misconduct. Such failure constitutes deliberate indifference toward the constitutional rights of the accused and such misconduct constitutes a practice, pattern and custom of engaging in police misconduct including but not limited to withholding exculpatory evidence, filing false complaints and arresting without probable cause, and creating a culture of violence, to name a few.

35.     By virtue of the decisions referred to above, and other information and court decisions, NYPD and the City knew that the need for adequate training, screening, supervising and disciplining of its employees was, and is, compelling because of the overriding credo of those such as the defendants herein to make arrests and clear cases quickly and at all costs with deliberate and total disregard for the truth, the safety of those arrested and for the constitutional rights of the accused.

36.     The acts, conduct and behavior of the Defendants herein were callous, unnecessary, and negligent and as such Plaintiff was injured and damages in the sum of ten million dollars.

37.     At all times relevant the Defendants police officers and NYPD were acting WITHING THE SCOPE OF THEIR EMPLOYMENT AND/OR POLICY MAKER FOR THE CITY OF NEW YORK, WITH THE CONSENT AND KNOWLEDGE OF THEIR SUPERIORS.

38.     To the extend applicable, New York City is liable as respondent superior for said Defendants' actions.

39.     Defendant City of New York knew or should have known of the Police Defendant's propensity to engage in illegal, wrongful and negligent acts as detailed above, including but not limited to beating up a helpless civilian who was sleeping on a couch and arresting said civilian without any evidence, probable cause or reason to do so, and the City has failed to correct such wanton police conduct.

40.     Defendant City failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants and/or as a matter of policy and practice, has with deliberate indifference failed to take steps to uncover and/or correct such conduct.

41.     The injuries suffered by Plaintiff were proximately caused by each and every one of the policies and practices set forth herein, INCLUDING THE USE OF EXCESSIVE FORCE TO ARREST PLAINTIFF.

42. The actions of the Defendants; including the City of New York, resulted in the deprivation of Plaintiff's rights pursuant to the Fourth, Fifth and Sixth, Eighth and Fourteenth Amendments to the United Stated Constitution.

43. As a result of the false arrest, assault, battery, defamation, malicious prosecution, unlawful imprisonment, the violations of said rights and deprivation of liberty, THE PLAINTIFF was damaged in the sum of fifty million dollars.

WHEREFORE, Plaintiff requests the following relief as against all the Defendants:

1. Award compensatory damages in the amount of Ten Million Dollars on each cause of action.
2. For such other and further relief as to this Court may deem just and proper.

Dated: Bronx, NY
May 5, 2015

Andres M. Aranda, Esq.
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
(718)590-1904
(718)541-9241
Amarandawill.c.u@gmail.com

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, **JOSE CESPEDES**, Date of Birth **02/02/1959**

SS# _____, pursuant to NYCPL § 160.50[1][d], hereby designate _____ Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. **Jose Cespedes**, Docket No. or Indictment No. _____ in **CRIM** Court, County of **NY**, State of New York relating to my arrest on or about **5-14-2013**, may be made available for use in Civil Action **Jose Cespedes**, **City of NY, et al.** (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK )
                  : SS:
COUNTY OF **Bronx** )

On this ___ day of **November**, 2013, before me personally came _____ to me known and known to me to be the individual described in and who executed the foregoing instrument, and ___ acknowledged to me that ___ executed the same.

_____
NOTARY PUBLIC

Ana Polanco
Notary Public State of New York
No. 01PO6123897
Qualified in Bronx County
Commission Expires Sept 19, 20__